FILED
AUG 06 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CR 14 90624 MISC PSG

IN RE: DELAYED NOTICE OF VEHICLE TRACKING ) Case No.
) ORDER INVITING BRIEFING

Vehicle tracking devices take many shapes and forms. Some devices offer real-time tracking, while others record tracking data for playback later. Some devices use GPS satellites, while others triangulate radio signals. All tracking devices offer law enforcement valuable insights into where a suspect has traveled and may travel in the future.

To install a tracking device on a vehicle of interest ordinarily requires a warrant. Vehicle trackers warrants issue in federal district courts like this one day in and day out. In a typical case, an agent shows up at the duty magistrate judge's door, and swears out an affidavit. The affidavit details what she has come to learn about the role of a vehicle in the district in one federal crime or another. No probable cause, no warrant. But if the judge is satisfied that the affidavit gives reason to believe that the vehicle has been and is likely to be involved in criminal activity, the judge signs



United States District Court
For the Northern District of California

the warrant. In addition, the judge usually authorizes delayed notice to the tracked party, pursuant to 18 U.S.C. S 3103a(b), if:

> (1) the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result (as defined in section 2705, except if the adverse results consist only of unduly delaying a trial) ;
>
> (2) the warrant prohibits the seizure of any tangible property, any wire or electronic communication (as defined in section 2510), or, except as expressly provided in chapter 121, any stored wire or electronic information, except where the court finds reasonable necessity for the seizure; and
>
> (3) the warrant provides for the giving of such notice within a reasonable period not to exceed 30 days after the date of its execution, or on a later date certain if the facts of the case justify a longer period of delay.

That delay may be extended further if there is good cause to do so, usually up to 90 days.[1]

But what if the extended deadline comes and goes, and no notice is given? At all. The court is currently faced with just such a scenario. Throughout 2013, the court issued multiple warrants authorizing law enforcement officers to track the movement of vehicles in this district. The deadlines for notification passed, and the court heard nothing further. Now, the government presents the court with a new request to delay notifying the subject of its investigation or that he was being tracked. But there is a twist: the government seeks only what it calls "prospective delayed notice authorization." Under this approach, the already lapsed period of delayed notice would remain unauthorized, but the government would remain free not to notify the target going forward.

Does the court have the authority to grant such a "prospective" order? Does it matter if the government's failure to tender notice as ordered was a good-faith mistake? These questions prompted the court to invite comment by the government. Having considered these comments, the court is not satisfied it sufficiently understands the applicable law. But the court's own efforts to

[1] *See* 18 U.S.C. § 3103a(c). A court must report delayed notice of a warrant to the Administrative Office of the United States Courts. *See* 18 U.S.C. § 3103a(d).

United States District Court
For the Northern District of California

find guidance in the case law did not yield much. And so the court now believes that more formal input is warranted. To that end, the court invites the government to submit a formal brief of no more than 15 pages on the above questions. A brief from the Federal Public Defender is equally welcome, as is a brief from any interested friend of the court. So that the court may resolve this issue without unnecessary delay, any briefs shall be filed no later than September 1, 2014. To facilitate any filings, the court directs the Clerk of Court to open a miscellaneous matter on the docket with this order as the first entry. The Clerk shall also serve a copy of this order on the Federal Public Defender.

**IT IS SO ORDERED.**

Dated: August 6, 2014

PAUL S. GREWAL
United States Magistrate Judge